IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DWYER, | |
| Plaintiff, | Case No. |
| v. | Judge |
| GRUBHUB HOLDINGS, INC. | |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, JOHN DWYER, by and through his attorneys, Bridgette A. Kolb and Joshua M. File of Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C., and hereby complains against Defendant, GRUBHUB HOLDINGS, INC. as follows:

## JURISDICTION AND VENUE

1. This is an action for damages to redress employment discrimination and retaliation based on age brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, ("ADEA"), and to remedy unlawful interference and retaliation in violation of Plaintiff's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Federal jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(a)(3) - (a)(4), 29 U.S.C. §626, and 29 U.S.C. §2617(a)(2).

3. Venue is proper in the Northern District of Illinois because the underlying acts giving rise to this action took place in Chicago, Illinois, within this judicial District. 28 U.S.C. § 1391(b).

4. Plaintiff filed a Charge of employment discrimination on the basis of age with the Equal Employment Opportunity Commission ("EEOC") on January 19, 2017. Plaintiff filed an amended Charge of employment discrimination on the basis of age and retaliation with the EEOC on October 23, 2017. Both charges were filed within 300 days of the commission of the unlawful employment practices alleged herein. Copies of the Charges are attached herein as Exhibits A and B.

5. Plaintiff received a Notification of Right to Sue from the EEOC on October 1, 2018, attached herein as Exhibit C.

6. This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

## PARTIES

7. Plaintiff, John Dwyer, is a citizen of the State of Illinois who was employed by Defendant, GrubHub Holdings, Inc. from approximately March 2011 through January 27, 2017.

8. Defendant, GrubHub Holdings, Inc., is a Delaware corporation with its principal place of business located in Chicago, Illinois.

9. At all relevant times, Defendant has employed over 500 employees.

10. Plaintiff is a "Person" within the meaning of the ADEA. 29 U.S.C. §630 (a).

11. At all relevant times, Plaintiff is and has been over the age of 40.

12. At all relevant times, Defendant has been, and continues to be an employer within the meaning of the ADEA. 29 U.S.C. § 630 (b).

13. At all relevant times, Defendant has been, and continues to be engaged in interstate commerce within the meaning of the ADEA, and has employed, and continues to employ twenty or more employees.

14. At all times relevant, Plaintiff was an "eligible employee" within the meaning of the Family and Medical Leave Act ("FMLA"). 29 U.S.C. §2611(2)(A) and 29 U.S.C. §2611(2)(B)(ii).

15. Plaintiff worked for Defendant for more than 12 months and had worked more than 1,250 hours in the relevant 12-month period.

16. At all relevant times, Defendant was a "covered employer" under the FMLA. 29 U.S.C. § 2611(4)(A) and 29 U.S.C. §2611(2)(B)(ii)

17. Defendant employs more than 50 employees within 75 miles of Plaintiff's worksite.

## FACTUAL ALLEGATIONS

18. Plaintiff was born on May 18, 1955.

19. In or around March 2011, Plaintiff was hired by Defendant as a Customer Service Manager at Defendant's Chicago, Illinois office.

20. Throughout his employment with Defendant, Plaintiff received several raises and positive performance reviews.

21. Throughout his employment, Plaintiff was subjected to numerous comments about his age and told that Defendant had an aversion to employing older workers.

22. Plaintiff's co-workers, supervisors and managers consistently teased him about his advanced age and being the "old man" at the company.

23. In or around June 2016, Defendant's Chief Executive Officer, Matt Maloney, made an inappropriate joke about Plaintiff being the "oldest person in the company" during a staff meeting in front of several of Plaintiff's co-workers, supervisors and managers.

24. In or around June 2016, Plaintiff complained to Defendant's Human Resources Manager, Katie Maloney and Manager Joe Burgos about Matt Maloney's inappropriate joke.

25. Indeed, throughout his employment, Plaintiff made several complaints to his managers and supervisors on multiple occasions about being harassed and discriminated against based on his age.

26. Defendant failed to properly address any of Plaintiff's complaints.

27. In or around December 2015, Plaintiff applied for a promotion to a Quality Manager position.

28. Despite receiving positive feedback during his interviews, Plaintiff was not offered the position.

29. In or around January 2016, Plaintiff communicated to his Manager, Bryan Williams, that he believed he had been passed over for the promotion due to his age.

30. In or about June, 2016, Plaintiff was approved for FMLA leave to care for a sick relative.

31. Plaintiff utilized his approved intermittent FMLA leave from approximately June 2016 through November 2016, taking off Fridays to care for his relative.

32. During that time, Plaintiff requested that his schedule be altered to work days other than Fridays so he would not need to miss work and would not need to use intermittent FMLA leave.

33. However, despite offering every manager in his department other than Plaintiff the option to alter their schedules, Defendant refused to alter Plaintiff's schedule, continued to schedule him to work on Fridays, and forced Plaintiff to perform work on days when he attempted to utilize his approved, intermittent FMLA leave.

34. In or around July, 2016, Plaintiff's Manager, Williams, encouraged Plaintiff to apply for an open position as a Restaurant Care Manager in order to better accommodate his need to take approved, intermittent FMLA leave to care for his family member.

35. Plaintiff applied for the Restaurant Care Manager position but was not hired despite his five and a half year industry experience.

36. Instead, Defendant hired a much younger applicant with no industry experience.

37. In or around August, 2016, Plaintiff again communicated to Williams that he felt was being discriminated against due to his age by being blocked from promotions so that Defendant could hire younger people..

38. In or around September 2016, Plaintiff complained to Maloney in HR that he felt he was being discriminated against based on his age by being blocked from promotions while Defendant instead hired younger people.

39. In or around November, 2016, Plaintiff communicated to Defendant's Vice President of Customer Care, Mark Killick, that he felt he was being discriminated against based on his age.

40. Killick responded, "times have changed."

41. On or about November 30, 2016, Plaintiff's FMLA leave was terminated upon the death of his relative.

42. The following day, on December 1, 2016, Defendant placed Plaintiff on a Performance Improvement Plan.

43. On or about January 19, 2017, Plaintiff filed a Charge of employment discrimination on the basis of age with the EEOC.

44. On or about January 20, 2017, Plaintiff met with Williams and Maloney to once again express his concern that he was being discriminated against based on his age.

45. One week later, on or about January, 27, 2017, Defendant terminated Plaintiff's employment.

46. Defendant's decision to terminate Plaintiff's employment was due to his age, 61 at the time of termination, and made in retaliation for Plaintiff's complaints about age discrimination and his attempts to exercise his rights under the FMLA.

## COUNT I
(Age Discrimination)

47. Plaintiff restates each and every allegation in Paragraphs 1 through 46 above as the fully set forth and alleged herein.

48. The ADEA provides, "It shall be unlawful for an employer… to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623.

49. By its actions described above, Defendant has unlawfully discriminated against Plaintiff because of his age, 61, in violation of his rights under the ADEA.

50. As a result of Defendant's willful violation of his rights under the ADEA, Plaintiff has been caused to suffer lost wages, employment benefits and other pecuniary and non-pecuniary damages.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in his favor against Defendant as follows:

1. Find that Defendant's conduct alleged herein violates the ADEA;

2. Award Plaintiff all equitable and monetary relief available to him as damages under the ADEA, including but not limited to, lost wages and benefits, compensatory damages, liquidated damages, and punitive damages;

3. Enjoin Defendant from any further prohibited discrimination against Plaintiff;

4. Award Plaintiff his attorneys' fees, including litigation expenses and the costs of this action; and

5. Grant such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II
(Retaliation)

51. Plaintiff restates and reiterates each and every allegation contained in Paragraphs 1 through 50 as though fully set forth and alleged herein.

52. The ADEA provides, "It shall be unlawful for an employer to discriminate against any of his employees… because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.". 29 U.S.C. § 623 (d).

53. By its actions described above, Defendant has unlawfully retaliated against Plaintiff by terminating his employment because he opposed and complained of the age discrimination he experienced while employed by Defendant and because he filed a Charge of discrimination with the EEOC.

54. Defendant's discriminatory and retaliatory actions constitute a willful violation of the ADEA. 29 U.S.C. § 623.

55. As a result of Defendant's willful violation of his rights under the ADEA, Plaintiff has been caused to suffer lost wages and employment benefits, and other pecuniary and non-pecuniary damages.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in his favor against Defendant as follows:

1. Find that Defendant's conduct alleged herein violates the ADEA;

2. Award Plaintiff all equitable and monetary relief available to him as damages under the ADEA, including but not limited to, lost wages and benefits, liquidated damages, and punitive damages;

3. Enjoin Defendant from any further prohibited discrimination against Plaintiff;

4. Award Plaintiff his attorneys' fees, including litigation expenses and the costs of this action; and

5. Grant such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT III
(FMLA Interference)

56. Plaintiff restates and reiterates each and every allegation contained in Paragraphs 1 through 55 above as though fully set forth and alleged herein.

57. From June 2016 through November 2016, Plaintiff attempted to exercise his rights to take approved intermittent FMLA leave to care for his sick family member.

58. During that time, Defendant interfered with Plaintiff's rights under the FMLA by scheduling him to work on Fridays so that he would be forced to work during his approved FMLA leave.

59. Defendant's actions were willful and made with reckless disregard for Plaintiff's rights under FMLA.

60. As a result of Defendants' willful interference with Plaintiff's rights under the FMLA, Plaintiff has been caused to suffer damages including, but not limited to, lost wages, benefits and employment opportunities.

WHEREFORE, Plaintiff respectfully prays that this Court find in his favor and against Defendant as follows:

1. Find that Defendant's conduct violated the FMLA;

2. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

3. Award Plaintiff interest pursuant to 29 U.S.C. §2617(a)(1)(A)(ii);

4. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

5. Award Plaintiff costs, disbursements and reasonable attorneys' fees, pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

## COUNT IV
(FMLA Retaliation)

61. Plaintiff restates and reiterates each and every allegation contained in Paragraphs 1 through 60 above as though fully set forth and alleged herein.

62. On or about November 30, 2016, Defendant placed Plaintiff on a Performance Improvement Plan in retaliation for his attempts to exercise his rights under the FMLA.

63. On or about January 27, 2017, Defendant terminated Plaintiff's employment in retaliation for exercising his rights under the FMLA.

9

64. Defendant's retaliatory actions were willful and made with reckless disregard for Plaintiff's rights under the FMLA.

65. As a result of Defendant's willful retaliation, Plaintiff has been caused to suffer damages including, but not limited to, lost wages, benefits and employment opportunities.

WHEREFORE, Plaintiff respectfully prays that this Court find in his favor and against Defendant as follows:

1. Find that Defendant's conduct violated the FMLA;

2. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

3. Award Plaintiff interest pursuant to 29 U.S.C. §2617(a)(1)(A)(ii);

4. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

5. Award Plaintiff costs, disbursements and reasonable attorneys' fees pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

## JURY DEMAND

Plaintiff demands a trial by jury.

**Dated: 12/21/2018**

Respectfully Submitted,

John Dwyer

By: /s/ *Bridgette A. Kolb*
     Attorney

Bridgette A. Kolb
Joshua M. File
Katz, Friedman, Eagle,
Eisenstein, Johnson & Bareck P.C.
77 West Washington Street, 20th Floor

10

Chicago, IL 60602
(312) 263-6330
(312) 372-5555 – Fax
bkolb@kfeej.com

## CERTIFICATE OF SERVICE

    I, Bridgette Kolb, hereby certify that a true and correct copy of the foregoing Plaintiff's Complaint was e-filed with this Court on December 21, 2018.

                                            /s/ *Bridgette A. Kolb*
                                             Attorney for Plaintiff